UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JARED DUNN,

    Petitioner,

v.                                     Case No. 3:14cv528/LC/CJK

JULIE JONES,[1]

    Respondent.
_____/

ORDER AND
REPORT AND RECOMMENDATION

Before the court is an amended petition for writ of habeas corpus filed under 28 U.S.C. § 2254. (Doc. 17). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes that the amended petition should be summarily dismissed as frivolous under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), without requiring an answer.

---

[1] Julie Jones succeeded Michael D. Crews and Interim Secretary Timothy H. Cannon as Secretary of the Florida Department of Corrections, and is automatically substituted as the respondent. Fed. R. Civ. P. 25(d).

## BACKGROUND AND PROCEDURAL HISTORY

Petitioner is an inmate of the Florida penal system currently confined at Madison Correctional Institution in Madison, Florida. Petitioner initiated this action on October 6, 2014, by filing a habeas corpus petition under 28 U.S.C. § 2254. (Doc. 1). Petitioner identified the judgment of conviction under attack as the Escambia County Circuit Court's June 7, 2013 judgment adjudicating petitioner guilty of Felony Battery in Case Number 13-CF-973. (Doc. 1, p. 1).[2] The petition set forth the following bases for relief:

> Ground One: "New evidence will grant releef [sic] from lower court. See civil rights complaint filed, 2014." (Doc. 1, p. 5).
>
> Ground Two: "Ineffictive [sic] Assintance [sic] of Counsle [sic]. Petitioner has the right to a trail [sic] without prejudice. United States Court can order all information needed to give petitioner releaf [sic]." (Doc. 1, p. 6).

Petitioner conceded that his direct appeal, Florida First District Court of Appeal Case No. 1D13-2992, was still pending. (Doc. 1, pp. 1, 2, 4).

After resolving the filing fee issue, the court directed service of the petition. (Doc. 5). Respondent filed a motion for clarification, asserting that petitioner's habeas petition was so unclear as to the nature and bases of petitioner's claims that respondent could not reasonably prepare a response. (Doc. 8). Respondent also noted that petitioner's direct appeal was still pending. (Doc. 8, p. 1 n. 1). The court construed respondent's motion as one for a more definite statement and, on October 31, 2014, granted the motion. (Doc. 9). The undersigned concluded that it was

---

[2]The Escambia County Circuit Court's online docket reflects that petitioner was convicted by jury verdict of Battery with Prior Convictions, in violation of Fla. Stat. 784.03(2).

impossible to discern the reason petitioner believed his conviction violated the Constitution, and that the petition wholly failed to comply with the specificity requirements of this court's Local Rules, the Habeas Rules and the directions on the petition form. (Doc. 9 (*citing* N.D. Fla. Loc. R. 5.1(J)(3) (providing that a § 2254 petition must set forth specific claims and supporting facts on the form itself and may not make reference to a separately-filed pleading); Rules Governing Section 2254 Cases, Rule 2(c) (describing the requirements of a § 2254 petition, including that the petition specify the grounds on which the petitioner claims he is being held in violation of the Constitution, and the facts supporting each ground))). The undersigned also noted petitioner's admission that he had not fully exhausted his state court remedies with regard to either of his claims, and advised petitioner of the exhaustion requirement. (Doc. 9, pp. 2-3). The court ordered petitioner to file, within thirty days, either a notice of voluntary dismissal or an amended petition. (Doc. 9, p. 3).

Petitioner filed the instant amended petition on January 7, 2015. (Doc. 17). Petitioner's amended petition again identifies the judgment of conviction under attack as the Escambia County Circuit Court battery conviction in Case No. 13-CF-973. (Doc. 17, p. 1). Petitioner summarizes his single ground for federal habeas relief as follows:

> I have to get a Federal Judge to order this Information that would set me free in the lower court. By showing that I am under Federal Investigation and I am a victim of a crime to which has used the telephone to control my mental state through Hypnosis.
>
> This Issue using Hypnosis is causeing [sic] self destruction keeping me with legal Issues. I am requesting relief through a court order from a Federal Judge to expose facts of self destruction. Through

this Investigation this court order will produce through exposeing [sic] the facts of this Investigation all elements of my defence [sic]. Without this Information I am being denied Due Process.

These are the Issues that are the problems (1-3).

1) The first Issue is when I informed the State Attorney and my lawyer, I was sent to the hospital and the psychirst [sic] declares me Incompante [sic] to proceed.

2) Second, I filed this civil rights complaint to which will probability [sic] be dismissed with Instruction to file a Habeas Corpas [sic] to which this is my civil rights complaint # is 3:14cv529/LAC/EMT.

3) Third, my habeas corpus will be dismissed and I will be instructed to exhast [sic] all state remides [sic] in the lower court.

To which I will be back to state level with 3.850 with this claim again and I will be sent back for mental health treament [sic]. This has been called a catch "22".

(Doc. 17, pp. 15-16). Petitioner's demand for relief seeks the following: "Information that I am a victim of a Federal crime to which is controling [sic] my mental state, granting this to which I would use this Information to get Relief in the state court and hire a attorney to address all elements to get a trial with Due Process." (Doc. 17, pp. 4, 14). Petitioner's direct appeal concluded on December 19, 2014. *See Dunn v. State*, No. 1D13-2992, 2014 WL 7237579 (Fla. 1st DCA Dec. 19, 2014) (Table) (per curiam) (affirming petitioner's judgment of conviction).

## DISCUSSION

Habeas Rule 4 provides that district courts "must promptly examine" state prisoner habeas petitions and must dismiss the petition "[i]f it plainly appears from

the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . . ." Rules Governing § 2254 Cases, Rule 4. Habeas Rule 4 is grounded in 28 U.S.C. § 2243, which makes it "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Rules Governing § 2254 Cases, Rule 4 Advisory Committee's Note, 1976 Adoption; *see also McQuiggin v. Perkins*, — U.S. —, 133 S. Ct. 1924,1936, 185 L. Ed. 2d 1019 (2014) (noting in dicta that "frivolous petitions should occasion instant dismissal" (*citing* 28 U.S.C. § 2254 Rule 4)). The standard for summarily dismissing a petition as frivolous is whether the factual allegations are "patently frivolous or false," *Herman v. Claudy*, 350 U.S. 116, 119, 76 S. Ct. 223, 225, 100 L. Ed. 126 (1956), or "vague, conclusory, or palpably incredible." *Machibroda v. United States*, 368 U.S. 487, 495, 82 S. Ct. 510, 514, 7 L. Ed. 2d 473 (1962). *See also Blackledge v. Allison*, 431 U.S. 63, 76, 97 S. Ct. 1621, 1630, 52 L. Ed. 2d 136 (1977) (reiterating that standard); *Dory v. Comm'r of Corr. of State of New York*, 865 F.2d 44, 45 (2nd Cir. 1989) (same). The fact that this court served the original petition and ordered an answer does not affect the court's authority to dismiss petitioner's amended petition *sua sponte*. *See Day v. McDonough*, 547 U.S. 198, 208, 126 S. Ct. 1675, 1683, 164 L. Ed. 2d 376 (2006) (holding, in the context of a petition dismissed *sua sponte* as untimely after an answer was ordered and filed, that a district court retains the authority to dismiss a petition *sua sponte* even if an answer was ordered).

To the extent the undersigned can discern petitioner's allegations, it appears petitioner is attempting to use this habeas proceeding to obtain unspecified "information" (from the state court or from his former trial counsel) which he believes

will show he had a defense to the battery based on the theory that someone used a telephone to control his mind through hypnosis, thereby causing him to engage in "self destructive" behaviors like committing crimes. (*Id*.). Petitioner's allegations are "so palpably incredible [and] so patently frivolous . . . as to warrant summary dismissal." *Blackledge*, 431 U.S. at 76, 97 S. Ct. at 1630 (internal quotation marks omitted) (citations omitted).

Accordingly, it is ORDERED:

The clerk shall change the docket to reflect that Julie Jones has been substituted as respondent in this cause.

And it is respectfully RECOMMENDED:

1. That the amended petition for writ of habeas corpus (doc. 17), challenging petitioner's judgment of conviction and sentence in *State of Florida v. Jared Dunn* in the Circuit Court for Escambia County, Florida, Case No. 13-CF-973, be DISMISSED WITHOUT PREJUDICE as frivolous.[3]

2. That the clerk be directed to close the file.

3. That a certificate of appealability be DENIED.

At Pensacola, Florida this 13th day of January, 2015.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] The undersigned recommends dismissal without prejudice so as not to preclude petitioner, by operation of the prohibition on second habeas corpus applications, from filing a timely federal habeas petition challenging his 2013 Escambia County felony battery conviction should petitioner discover **different, non-frivolous and legally sufficient** grounds why his conviction violates the Constitution.

Case No: 3:14cv528/LC/CJK

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).